UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD EDWARDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:15CV792 HEA |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on May 18, 2015. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 6] on July 10, 2015. On September 11, 2015 Petitioner filed his Traverse [Doc. No. 8]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be dismissed.

## **Procedural Background**

Petitioner was charged with two counts of statutory rape in the first degree (on two separate occasions), three counts of statutory sodomy in the first degree

(by three separate means), and one count of child molestation in the first degree. On October 27, 2009, after a pre-trial hearing, but before the start of voir dire Petitioner entered into a blind plea.

As a consequence the matter was set for sentencing on December 11, 2009. On the day of sentencing Petitioner filed a motion to withdraw his plea of guilty but did not set forth any specific basis for the trial court to do so. The sentencing hearing was continued to a new date and new counsel entered on behalf of Petitioner. New counsel filed a motion to set aside the plea and alleged plea counsel had, in unspecified ways, failed to adequately communicate with Petitioner and failed to investigate unnamed potential defense witnesses. Respondent's Exhibit B, pages 3-4. A hearing was held on this motion, and the trial court denied that motion.

Petitioner was eventually sentenced, after several additional continuances, in October 2011. He is now within the custody and jurisdiction of the Missouri Department of Corrections.

In his amended post-conviction motion, Petitioner alleged that plea counsel: 1) was generally unprepared and had not adequately discussed the case with Petitioner; 2) promised Petitioner that he would only have to serve two to five years in the Department of Corrections if he entered an open plea; and 3) did not advise Petitioner that, if he entered a plea, his plea might be used as evidence

against him in St. Louis County. On appeal of the post-conviction ruling, Petitioner renewed these claims.

Here, Petitioner raises essentially two grounds for relief. In Ground One, he asserts that counsel was ineffective for not discussing with Petitioner the possible effect that his plea of guilty in this case might have on a separate case in another jurisdiction in which he was facing similar charges. In Ground Two, Petitioner alleges that trial counsel was ineffective for promising him that he would likely receive a sentence of two to five years and for not preparing for trial.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on

direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, the essence of Petitioner's allegations are, in Ground One, that counsel was ineffective for not discussing with Petitioner the possible effect that his plea of guilty in this case might have on a separate case in another jurisdiction in which he was facing similar charges. In Ground Two, Petitioner alleges that trial counsel was ineffective for promising him that he would likely receive a sentence of two to five years and for not preparing for trial.

**A. Was Trial Counsel Ineffective In not Discussing the Impact of the Plea on a Separate Case?**

The United States Supreme Court recognized in *Padilla v. Kentucky*, 559 U.S. 356 (2010), that, in some circumstances, plea counsel has the obligation to discuss some collateral consequences of a plea with their client. *Id*. at 364-65. The Supreme Court found that deportation was such a significant penalty that followed from a conviction that the distinction between a direct and collateral consequence of conviction was irrelevant to the determination of whether counsel

had an obligation to advise a client about the possibility of deportation, especially in light of prevailing professional norms that counsel should advise their client about the possibility of deportation for the offense involved in *Padilla* –deportation was mandatory. *Id*. at 365-69.

The nature of other "collateral" consequences which might sufficiently flow from the underlying plea as to trigger a duty on the part of counsel to advise the client about those consequences is not addressed by *Padilla*. It is clear, however, that a state court does not unreasonably apply established federal law when the state court refuses to extend established federal law to a new circumstance. *White v. Woodall*, 134 S. Ct. 1697, 1706-07 (2014).

The record demonstrates that Petitioner entered into the plea with eyes wide open. He was fully aware that the sentence would be entirely in the hands of the sentencing judge. He entered into an open plea. He also agreed that no one promised him anything in connection with his desire to plead guilty. The only complaint he made at sentencing was that was that he was told he would get a sentence between two years and five years. There is no complaint that he did not understand that the plea in St. Louis City might impact the St. Louis County case.

The post-conviction motion court concluded that Petitioner failed to demonstrate that plea counsel was ineffective for failing to advise him about a potential collateral consequence of the plea.

The Missouri Court of Appeals noted it was by no means a certainty if and how the St. Louis County prosecutor might use the plea against Petitioner. The record from the direct appeal on the St. Louis County case indicates that the intent at the time of the plea in this case was to also enter a plea in the St. Louis County case, but that plan fell apart when Petitioner changed his mind in this case. Respondent's Exhibit A, page 6; Respondent's Exhibit G, pages 7-8.

There is no clarity here, as there was in *Padilla*, regarding the impact of the plea by Petitioner on the St. Louis case. Who can possibly know what advice, if any, Counsel should have given to Petitioner under the circumstances? As noted earlier, the Missouri courts were certainly not in any position to speculatively rule under such circumstances.

This claim is denied.

**B. Was Trial/Plea Counsel Ineffective for Promising Petitioner He Would Likely Receive a Sentence of Two to Five Years and for not Preparing for Trial?**

The record reflects that the process of trial had begun and Petitioner stopped the process to enter a plea of guilty. During the plea colloquy the record patently reflects that no one made any promises to him as an inducement to enter a plea of guilty to the charges. Furthermore his responses in the record demonstrate that he was fully aware his sentence would be completely within the hands of the trial judge.

It is also clear from his acknowledgement on the record that Petitioner was aware of the range of punishment applicable to each offense and that he took the ranges of punishment into consideration regarding his decision to plead guilty.

The post-conviction relief motion court concluded the issue relating to promises was resolved unfavorably for Petitioner and that the record refuted any claim regarding promises. The Missouri Court of Appeals likewise concluded the record belied any promises and that he knew the trial court would determine his sentences. The Missouri Court of Appeals concluded the record refuted any claimed promises and that he pleaded guilty without any expectation of a lower sentence.

Federal law is well-established that an inmate asserting ineffective assistance of trial counsel must prove both that trial counsel was incompetent and that he suffered prejudice from such incompetence. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the competence prong, an inmate must allege specific acts of incompetence. *Id*.at 690.  In order to demonstrate prejudice, an inmate must show, in light of all of the evidence in the case, that there is a reasonable probability of a different result. *Id*.at 694. In the context of a guilty plea, an inmate must show that, if counsel had acted competently, he would have rejected the plea and gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In

assessing the credibility of such a claim, courts can consider the strength of the evidence supporting the proposed defense. *Id*. at 59-60.

A defendant's representations during a plea hearing "carry a strong presumption of verity" and operate as a "formidable barrier" in any collateral review. *Nguyen v. United States,* 114 F.3d 699, 703 (8thCir. 1999); *see also Tran v. Lockhart*, 849 F.2d 1064, 1068 (8thCir. 1988).

As the record categorically refutes the assertions of Petitioner and is consistent with the rulings of the state court, the state courts did not unreasonably determine the facts in concluding that the record of the guilty plea refuted his claim that he pleaded guilty based on plea counsel's promise that he would receive a sentence of five years or less.

This claim of promises is likewise denied.

Part of the promises claim relates to trial preparation by trial counsel as that might relate to discovery regarding witnesses. On that point Petitioner argues that counsel was ineffective for failing to discuss discovery with Petitioner, and specifically that documents were altered and the police reports of interviews with him were inaccurate.

The state court motion court ruled that Petitioner failed to plead adequate facts showing prejudice or incompetence regarding any alleged failure to properly prepare for trial.  The Missouri Court of Appeals was likewise not swayed by his

claims noting that his statements during the plea that he was satisfied with counsel refuted any general claim that he believed that counsel had not adequately prepared for trial or adequately communicated with him before trial.

While pro se petitions are liberally construed, the petition still must sufficiently present a claim. *Miller v. Kemn*a, 207 F.3d 1096, 1097 (8thCir. 2000). It must state specific, particularized facts which permit this Court to determine from the face of the petition whether it merits further review. *Adams v.Armontrout*, 897 F.2d 332, 334 (8thCir. 1990).As the United States Supreme Court has noted, a petition which merely contains "notice pleading" is insufficient. *Blackledge v. Allisson*, 431 U.S. 63, 76 n. 7 (1976); *see also Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (finding pleadings insufficient on issue of prejudice).

The only thing the record supports regarding the claim of Petitioner is its vagueness and non-particularity. In light of the vagueness of Petitioner's allegations, the state courts did not unreasonably determine the facts in finding that the record refuted this claim.

The lack of trial preparation claim is therefore denied.

## Conclusion

Based upon the foregoing discussion and analysis the Petition for Writ of Habeas Corpus must be dismissed.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that

find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc.No. 1], is **dismissed.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 11th day of September, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE